Will the argument next in Ruesch v. Commissioner of Internal Revenue Service, 23.4.93. Mr. Agostino, please proceed. May it please the Court, my name is Frank Agostino. Together with Philip Colasanto, we represent the appellant, Vivian Ruesch. My oral argument today, I'd like to bring to the Court's attention two errors made by the Court below. So this is a passport case under Code Section 7345. It is a provision of the Code that allows the Internal Revenue Service to certify a debt, a seriously delinquent tax debt, that send the certification to the State Department, which results in the termination or the failure to be able to get a passport involved in travel. The Court, so the Internal Revenue Service certified Ms. Ruesch's penalty debt as seriously delinquent tax debt. A timely petition was filed with the tax court. The Court dismissed the petition on two grounds. The first ground was that its jurisdiction did not require the Court to consider all of the conditions preceding to certifying a debt as seriously delinquent tax debt. The second ground was that because the Internal Revenue Service had voluntarily reversed the certification on the basis that the taxpayer was entitled to more administrative hearings, the case was moot as it stood in the tax court, but that the taxpayer could come back if the Internal Revenue Service recertified the debt as seriously delinquent tax debt. So the primary errors in one is that for the dismissal for jurisdiction is that essentially guarantees that the litigation will come again, because as we know from the taxpayer advocate's report, the issue of whether or not these penalties can be systemically assessed without prior administrative hearings is considered by the National Taxpayer Advocate one of the most serious problems in tax administration today, and she said so in her report to Congress. With respect to mootness, that same report demonstrates that the commissioner's strategic withdrawal of the certification is likely to come back to the court because the IRS has already announced its position and has a policy that the taxpayer advocate has said is incorrect. So it sounds as if you are making or suggesting a policy argument, but in terms of what the law allows currently here, whether or not it's the most efficient method, I mean, what is the legal support for the idea that the court, the tax court, had the authority to, in this proceeding, rule on the underlying, the question of the underlying penalty or liability? The statute is designed to allow the court, tax court and district court, petitioner's choice of ending, to determine whether or not the conditions proceed to the certification of a debt, as seriously the inquict tax debt was appropriate. The court has the power to review the Internal Revenue Service's determination. I'm sorry if I can just focus you in a little bit. I understand what you're saying in terms of the court has the authority to determine if it was appropriate, but it's procedural issues that it's looking at. It's not allowed to say, well, actually, this 50, whatever the amount of the debt, that that's wrong. They're allowed to say, they're allowed to look at, as I said, sort of the procedural aspects of getting to that and deciding whether or not it should, that the certification was incorrect. But what's the support for the idea that in terms of actually looking at the money that's owed and whether or not that is correct or not, what's, I don't see the question of the law. Let's look at the plain language of the statute. In order to be a seriously delinquent tax debt, the Internal Revenue Service has to have a legally enforceable federal tax liability. So the court needs to look at the liability. Is it legally enforceable by the Internal Revenue Service against this tax debt? So before we get to the administrative rights, it also requires that the liability has been assessed, which we in the U.S. properly assess, greater than $50,000. So there is some looking at the dollar amount, be unpaid at the time of the certification, and then we have the administrative rights. So there is a quasi-substantive part of the commissioner's review. Otherwise, you know, they're just asking for the courts, whether it be the tax court or the district court, to rubber stamp the certification because the IRS could just give a transcript. This is what we've assessed. It may be right. It may be wrong. But this is what we've assessed. Our contention is, and the statute is silent, this is a case of first impression, as to what is the level of review for each of the condition proceeds. Because normally in tax litigation, as in any litigation, the conclusion of the court deals with every issue that was raised and could have been raised before. We avoid duplicative litigation. The court's construct of the limitation of its jurisdiction here guarantees that an important matter is unresolved, whether or not there was a seriously delinquent tax debt. And then we'll – What is the relief that your client sought? What was the petition seeking relief for? Well, there's – actually, every condition proceeding was chattel. The petition – What was the relief that your client sought? Oh, the final relief is withdrawal of the certification to the Department of State. And that's pursuant to this provision of the code, correct? Pursuant to 7345. That's what gave the tax court jurisdiction. And what – so in connection with focusing on that relief, did she get that relief? She got that relief, but we say temporarily we were looking for a final judgment of relief as to whether or not there was a seriously delinquent tax debt. Is that in the record that you're looking for a final – Sure. The petition – Is that something that's contemplated by 7345? We would say yes. I mean, it is our contention – What is the language in 7345 or in the petition? That the – well, in the petition, the court determined that the certification was erroneous. Okay. So you got the relief that you sought in the petition? Temporarily. So now you're saying, well, there's, I guess, a risk because the IRS, the agency itself, will maybe seek to recertify. Because the court did find that res judicata does not apply to this code section. All right. So in the tax courts – How do we assess that risk? In other words, is it – how do we – because I think your argument must be that there's a reasonable likelihood that this will recur. Correct? In this case, it's 100 percent because we – the court didn't take any evidence on the issue below. So its speculation that it won't reoccur is – doesn't look at the fact that we've been out here for four – So doesn't this go through an appeal process? It didn't. In other words, the IRS appeal? That's the problem. It didn't – in this case, it didn't go through the appeals process. That's why the IRS withdrew the certification. And we requested that appeal in 2018, and we still haven't had the hearing. Justice delayed is justice denied when it comes to these types of issues. We still have hanging over this taxpayer's head and all taxpayers the specter that the IRS could just toggle the unabated liability and take away the passport. So there is a importance to finality in these passport cases. I understand the case law that there is no right to international travel, but a passport is more than just that. Today, for the states that don't have ID, the passport is an identification document. It's an employment document. So the ability to just toggle on and off is an important right. So, Mr. Agstino, you've reserved two minutes for rebuttal. Yes, thank you. From the IRS. Good morning. May it please the Court. Marian Erickson for the Commissioner. I would say that this is a case where the statute 7345 did what it was supposed to do. The statute provides for when the taxpayer receiving a notification that the Secretary of the Treasury has sent a certification to the Secretary of State that they have a seriously delinquent tax debt. They are notified of this simultaneously, and they're permitted to petition the tax court or district court for relief. Very limited, very specific relief. The Court looks, as you say, Judge Lee, at whether or not certification was erroneous. And in this case, what happened was, in their petition, Mrs. Roosh's petition, she said, among other things, that she had requested a collection due process hearing, a CDP hearing. The government was, unfortunately, unaware of that at the time because there have been, I'm sorry to say, several administrative lapses in this case, largely because of the IRS's very outdated computer system. But be that as it may, the petition brought to our attention that she, in fact, had requested a collection due process hearing. And for that reason, because all collection matters are held in advance during the pendency of CDP hearings and any appeals therefrom, her debt was not considered collectible at that time, so it wasn't considered a seriously delinquent tax debt. The IRS followed the law. As soon as they became aware of the CDP hearing, they reversed the certification. She received all the relief to which she was entitled under the statute, and the case became moot. Now, a taxpayer, I'm aware, is also arguing that the tax court should have looked at the underlying liability and the validity of that. It has been our position consistently that the tax court lacks jurisdiction to do that under 7345. And it's interesting that Mr. Agostino says he's trying to avoid duplicative litigation when this is the second time he has tried prematurely to bring this issue to this Court, while all the while — It is in process. I know that they have been in touch with the appeals office. Things are moving forward. And that is the forum in which Ms. Roosh is able to contest the validity of the underlying liability. And when she concludes that process, she will receive a notice of determination from the appeals office. That will enable her to go to the tax court and appeal that, and this issue will be ripe for consideration at that time. So I don't think that this is the proper forum for the relief that they're requesting. As he says, this is a relatively new statute, so this has not come up before. The three courts, the tax court in two cases and two Federal district courts, have held that they lack jurisdiction to address the underlying liability in a 7345 proceeding. So that's the precedent we have at this point. No court of appeals. But the mootness issue has never really been raised in the way that I think you're pressing today. Under 7345? Correct. Well, I think the mootness issue is fairly straightforward, because I'm not asking about whether it's straightforward. I'm asking you mentioned three other cases that determined that there was a lack of jurisdiction on relatively similar grounds. Is there a case that on roughly these facts has determined that the matter is in fact moot? Well, the first Roosh case certainly did, as well as the tax court in this Roosh case, said that it was moot because the taxpayer had received all the relief to which she was entitled. I'm sorry I don't recall off the top of my head the exact facts of the other two cases. But I don't think that it's not moot just because it's possible for the IRS to certify her at some later date as having a seriously delinquent tax debt. The statute provides for the relief of determining that the certification was erroneous or that the Commissioner failed to reverse the certification. That's the only relief that's available. And once you receive that, I don't really even know what more there is. The certification could be erroneous for a number of reasons. Either the amount is not high enough, or if it wasn't assessed, or if there wasn't a notice of Federal tax lien, or if, for example, as happened here, there was an ongoing administrative proceeding. So I'm just not quite sure how that's not moot. Any certification of a taxpayer having a seriously delinquent tax debt depends on the circumstances at that given moment. So it's not like you're just withdrawing something and then putting it right back in place. It's that circumstances change. And if it happens sometime down the line, this may very well get resolved administratively. It could go away, or it could be reduced below the threshold. I mean, any number of things could happen. But any taxpayer at any given time could be certified for whatever the circumstances are at the time. So I don't think that there's a problem with that. Does the Court have any further questions? Thank you. Mr. Agostino, we'll hear you on the revote. Thank you. As for the prior cases on this issue, again, we're writing almost on a clean blackboard. The prior cases that the government sets roosh, the prior case was a collection due process case. It's actually the opposite of what happened here. In roosh, all the taxes were paid, but these penalties that are the subject of this case were still outstanding. And the Court said that each CDP hearing is separate. So you take the tax in one hearing. You take the penalty in another hearing. That's one of the complaints of the taxpayer advocate. I mean, this bifurcation of the tax and penalties isn't consistent with the Code. So if you – let me just make sure that I understand because I'm not sure that I fully understand. If your client goes through this process and she prevails, then one result may be that there's a determination that the initial delinquency was an erroneously declared delinquency, correct? That there is no tax due. Now, the definition of tax due is different from seriously delinquent tax debt. So the CDP will not decide the passport issue, but they are collateral. But you're asking us to focus in part on the seriously delinquent tax. Correct. And she can prevail if she goes through this IRS appeal process. Is that correct? If we ever get there. They did schedule one. No one showed up. So we were ready. No, no, no, no. That's not my question. My question is can she prevail on that issue? Can she get the relief that you're asking for today on that issue? Theoretically. She will not, and we will be back because the IRS has taken a position that theoretically we can prevail. Okay, but she can prevail. So you're asking us to write a decision that says what? That remands. That won't itself be moot if she prevails during this IRS appellate. Assume you're wrong. The IRS or someone, whoever is adjudicating this as part of the agency appellate process agrees with you. Then what? Then if they update the assessment, that will be moot. That's like Shetree, the other case that the government did. The other case that we talked about. You have elected to go through this appellate process for now, and now you're also in front of us. Yes, because. And so there is a chance that we write an opinion, and it could have been mooted out because the appellate process ends up in a decision favorable to your client. There's an equal chance that the government alleges that since I had the prior opportunity to contest the seriously delinquent tax debt, that waived it in res judicata plies. So there are two trees. We can go back to this hearing, and the IRS could legitimately argue that you need to raise every issue that you have. Any issue that could have been resolved, res judicata applies, and that my new CDP hearing is moot because the court has already passed on the fact that there was a seriously delinquent tax debt. So again, we are writing on a blank slate. Does res judicata apply? Does law of the case apply? How many bites at the apple? There's six condition proceedings. The government gave up one, so now do I have to litigate all five again? Will we be back before the tax court five times? What I am asking for is a remand to the tax court so it makes the findings of fact necessary to complete the entire case. I mean, what does it mean to be erroneous? Those terms are not defined. Does the IRS get more than one bite at this apple? Can they certify and recertify? In Chetreek, the case that they cite, again, I handled that case. The IRS, as part of this motion process, abated the tax. Essentially, they made it go away. That's what made that case moot because there was no ability for the IRS to now offset every refund every year. There's no taxpayers file tax returns each year. If there is a live assessment, the IRS can offset it. In Chetreek, the case became moot because the IRS did abate the assessment. They did vacate the federal tax. That's what makes Chetreek different from Roosh. In Roosh, we just left it in a restive state, saying let's wait to see what happens. Maybe it will go away. And that just keeps one delaying the inevitable to costing taxpayers nationwide, not just my taxpayers. Thank you. Thank you very much, Mr. Eggers. Thank you, Your Honor. We'll reserve the decision. We'll hear argument next.